[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} We overrule the two assignments of error advanced on appeal upon our determination that the common pleas court properly declined to entertain the appellant's petition for postconviction relief. The petition represented the appellant's third attempt to secure relief under R.C. 2953.21, and the appellant filed the petition well after the filing date set by R.C. 2953.21(A)(2). See Am.Sub.S.B. No. 4 (amending R.C.2953.21[A][2], effective September 21, 1995, and establishing the filing time for a postconviction petitioner sentenced before the amendment's effective date). Thus, R.C. 2953.23(A) precluded the common pleas court from entertaining the appellant's tardy and successive petition, when the appellant failed to demonstrate either that he had been unavoidably prevented from discovering the facts upon which his petition depended, or that his claim had been predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed by R.C. 2953.21(A)(2).
{¶ 3} We, therefore, affirm the judgment of the common pleas court.
{¶ 4} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.